NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN CARTER,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES SOCIAL SECURITY ADMINISTRATION, and CAROLYN W. COLVIN, COMMISSIONER,<br><br>        Defendants. | Civil Action No.: 15-2340 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of the United States Social Security Administration ("SSA") and its Commissioner (collectively "Defendants")'s Motion to Dismiss John Carter ("Plaintiff")'s Complaint. (ECF No. 11 ("Mov. Br.")). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendants' Motion to Dismiss.

## BACKGROUND

Plaintiff was employed by Defendant SSA from 1996 to 2011. (ECF No. 1 ("Compl.") ¶¶ 1, 16). In February 2011, Plaintiff suffered a stroke as a result of high blood pressure and diabetes, which left him unable to work without the assistance of an electric wheelchair. (Id. ¶¶ 4, 9). At the time of his stroke, Plaintiff was sixty-two years old. (Id. ¶ 14). Defendants' employee, Patricia McMillan ("McMillan"), approved Plaintiff's sick leave, which expired toward the end of June

1

2011. (*Id.* ¶¶ 5-6). At that time, Plaintiff requested advanced sick leave from McMillan, which she subsequently denied. (Id. ¶¶ 7-8, 12). Plaintiff then retired. (Id. ¶ 16).

On September 28, 2011, Plaintiff contacted McMillan and asked to be rehired as an annuitant.[1] (Mov. Br. at 2). McMillan advised Plaintiff that she did not have authority to rehire annuitants. (Id. at 2-3). In November, McMillian was informed that she could submit names for annuitant reemployment for a six-week timespan; however, McMillan did not submit any names because she was unaware of any short-term employment opportunities at the time. (Id.)

On October 31, 2011, Plaintiff requested counseling with the Equal Employment Opportunity Commission ("EEOC"), raising the issue of employment discrimination on account of disability. (*See* Moving Br., Ex. 3 at SSA26-41 ("Counseling Report")). On December 2, 2012, Plaintiff signed an EEO Counseling Report which indicated "physical disability" as the sole issue raised for counseling and specifically identified the issue for counseling as Defendants' failure to rehire Plaintiff as an annuitant. (Mov. Br. at 3). The EEO counseling period ended on December 7, 2011, and Plaintiff filed a formal EEOC complaint on December 16, 2011. (Id. at 3-4).

By letter dated February 18, 2012, the EEOC notified Plaintiff that the Commission had accepted his complaint, and identified the sole issue for investigation as: "[w]hether the Agency subjected you to disparate treatment on the basis of physical disability (diabetes, high blood pressure, and complications due to a stroke), when on September 28, 2011, you were not rehired by the Agency as an annuitant." (Id., Ex. 2 at SSA018-21 ("Notice of Accepted Claim")). This letter also advised Plaintiff of his right to amend his initial complaint throughout the investigation. (Id. at SSA019). Relying upon Plaintiff's EEOC complaint, the resulting EEO investigation focused on the issue of

---

[1] An annuitant is a retired employee who has been rehired by the Agency. *See* Report, Office of the Inspector General, A-13-15-25018, *The Social Security Administration's Rehired Annuitants* (January 2015).

2

Defendant's failure to rehire Plaintiff due to "disparate treatment on the basis of physical disability." (Id.).

The investigation terminated on May 24, 2012, and an accompanying letter notified Plaintiff that he could request a hearing before an Administrative Judge. (Mov. Br. at 5-6). On June 26, 2012, Plaintiff requested such a hearing. (Id. at 6). Plaintiff then sent a letter to the Social Security Administration, Office of the General Counsel—not the Administrative Judge—requesting to amend his initial EEOC complaint to include the issue of "forced retirement." (Id. at 7). Plaintiff did not move to amend his EEOC complaint with the Administrative Judge. (Id.). The Administrative Judge issued an Order on June 19, 2013, dismissing Plaintiff's claim because no evidence existed as to Defendants' failure to rehire Plaintiff due to a physical disability. (Id.)

Plaintiff then retained counsel and appealed the Administrative Judge's order to the Office of Federal Operations ("OFO"), arguing, among other things, that the Administrative Judge failed to take into account that Plaintiff was discriminated against because he was forced to retire due to his age and disability. (Id. at 7-8). The OFO affirmed the Administrative Judge's Order and did not address Plaintiff's forced retirement claim. (Id. at 8). The OFO informed Plaintiff of his right to file a civil action within ninety days after receiving their Order. (Compl. ¶ 8).

Plaintiff filed this action in federal court on April 2, 2015, in a three-count complaint, alleging: (1) discriminatory termination in violation of the Americans with Disabilities Act ("ADA"); (2) Defendants' failure to make reasonable accommodations, in violation of the ADA; and (3) discriminatory termination in violation of the Age Discrimination in Employment Act ("ADEA"). (Compl.). Notably, Plaintiff does not allege the SSA's failure to rehire him as an annuitant as the basis for any claims. (See Compl.).

3

Defendants filed the instant Motion to Dismiss on September 18, 2015, alleging that Plaintiff failed to exhaust the administrative remedies, and Plaintiff filed opposition on November 2, 2015. (ECF No. 15 ("Opp. Br.")). Defendants replied on November 9, 2015. (ECF No. 16.)

## LEGAL STANDARD

### A. Generally

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).).

In evaluating a plaintiff's claim at the motion to dismiss stage, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Additionally, courts can

> properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and

> documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.

*Green v. Potter*, 687 F. Supp. 2d 502, 509 n.5 (D.N.J. 2009) (citation omitted).

Here, Defendants seek dismissal of Plaintiff's Complaint on the grounds that Plaintiff has failed to exhaust his administrative remedies. (Mov. Br.). Plaintiff contends that Defendants have not met their burden of showing that he has failed to exhaust all available administrative remedies. (Opp. Br. at 5).

**B. Exhaustion of Administrative Remedies**

Dismissal under Rule 12(b)(6) is particularly appropriate where plaintiffs fail to exhaust all administrative remedies available to them prior to filing suit. *See Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) ("It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief.") (citing *McKart v. United States*, 395 U.S. 185, 193 (1969)). Failure to exhaust administrative remedies of employment discrimination claims is an affirmative defense, and "the defendant bears the burden of pleading and proving" a plaintiff's failure to exhaust. *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).

Federal employees who believe they have been unlawfully discriminated against in employment are required to exhaust administrative remedies prior to filing a complaint in federal court. As the Third Circuit has recognized, this exhaustion requirement serves two functions:

> First, it puts the employer on notice that a complaint has been lodged against [it] and gives [it] the opportunity to take remedial action. Second, it gives the EEOC notice of the alleged violation and an opportunity to fulfill its statutory responsibility of seeking to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

*Bihler v. Singer Co.*, 710 F.2d 96, 99 (3d Cir. 1983).

5

In order to further these purpose of administrative review, "claims of discrimination must be alleged in the administrative complaint," which "provides notice to the defendant and defines the scope of the investigation." *Raffaele v. Potter*, No. , 2010 WL 816847, *6 (E.D. Pa. Mar. 4, 2010) (citing *Waiters v. Parsons*, 729 F.2d 233 (3d Cir. 1984)). However, even where a specific claim is not alleged in the original EEOC complaint, a claimant has ample opportunity to amend his complaint throughout the administrative process. 29 C.F.R. § 1614.106(d). Specifically, "[a] complainant may amend a complaint at any time prior to the conclusion of the [EEOC] investigation to include issues or claims like or related to those raised in the complaint." *Id.* Moreover, a claimant may also "file a motion with the administrative judge to amend a complaint to include issues or claims like or related to those raised in the complaint." *Id.*

Even where a plaintiff has failed to amend his EEOC complaint to include additional grievances, courts have held that the exhaustion requirement is satisfied where "the acts in the subsequent . . . suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996). In determining the "scope of the prior EEOC complaint," the Court should consider whether the claims alleged therein fairly encompass the claims alleged in the federal suit. *Id.* at 1296. If the new claims can be said to be encompassed within the claims raised in the underlying EEOC investigation, then the purposes of the exhaustion requirement—namely, "to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court"—can be said to have been met. *Id.*

## ANALYSIS

Defendants argue that this Court should dismiss all of Plaintiff's claims because Plaintiff failed to timely exhaust the administrative remedies available to him. (Mov. Br. at 13, 14, 16.)

6

Specifically, Defendants contend that Plaintiff has: (1) failed to make timely allegations to the EEOC with regards to the claims he raises in the instant Complaint, as required under promulgating regulations; (2) failed to amend the initial EEOC complaint to include the allegations under which he now seeks relief, as permitted under 29 C.F.R. § 1614.106(d), and lastly; (3) failed to move for amendment before the Administrative Judge, which he was permitted to do under 29 C.F.R. § 1614.106(d). (Id.).

In response, Plaintiff contends that the EEOC regulations are "malleable" and argues that he informally amended his complaint. (Id. at 6-8). Plaintiff states that he "took multiple steps to amend his complaint and raised the issue of forced retirement throughout the proceedings." (Opp. Br. at 5-7). Further, Plaintiff contends that "[t]he fact that the EEO[C] chooses not to investigate a claim in light of Plaintiff's amendment before issuing its Final Agency Decision does not preclude Plaintiff from filing the claim in federal court." (Opp. Br. at 10).

This Court considers each phase of the administrative procedure in turn, and the extent to which Plaintiff's allegations of forced retirement and failure to accommodate were raised during each phase.

### I. Counseling Phase

Section 1614.105(a)(1) of Title 29 of the Code of Federal Regulations provides that a complainant "must initiate contact with a[n EEOC] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action." Where a plaintiff alleges age discrimination under the ADEA, he has "two alternative routes for pursuing a claim of age discrimination." *Podobnik v. United States Postal Service*, 409 F.3d 584, 589 (3d Cir. 2005). A plaintiff may choose to invoke the administrative procedures as set forth in 29 C.F.R. § 1614.105(a)(1), or, alternatively, he "must,

7

within 180 calendar days of the alleged discriminatory act, give the EEOC at least 30 calendar days prior notice of his intent to sue before filing the civil action." *Id.* (citing 29 U.S.C. § 633a(d)).

Here, Defendants argue that Plaintiff's claims are time-barred because he failed to seek counseling within the requisite time period. (Mov. Br. at 11-16). Indeed, the Counseling Report states the sole complaint as: "Denied Request-rehired annuitant" and the sole redress sought as: "Rehired as an annuitant or be notified when any availability position is opened." (*See* Moving Br., Ex. 3, SSA26-41 ("Counseling Report") at SSA031). Plaintiff, on the other hand, directs this Court to notes from the Counselor's initial phone interview, in which the Counselor details the events leading up to Plaintiff's retirement, and indicates that "Mr. Carter was forced to retire due to his illness" when he ran out of "Sick Leave/Personal Leave." (Opp. Br. at 7, Ex. B ("Initial Counseling Interview")). The Counseling Report makes no reference to Plaintiff being denied reasonable accommodations on account of his disability, nor does it make any reference to Plaintiff having been discriminated against on account of his age. (See id.).

## II. EEOC Investigative Phase

Notwithstanding the extent of the claims raised during the counseling period, Plaintiff had the opportunity to amend his EEOC complaint to include claims "like or related to the accepted claim" during the course of the EEOC's subsequent investigation. 29 C.F.R. § 1614.106(d). On February 18, 2012, the SSA wrote to Plaintiff, notifying him that the EEOC accepted his complaint for investigation into the issue of "[w]hether the Agency subjected [him] to disparate treatment on the basis of physical disability (diabetes, high blood pressure, and complications due to a stroke), when on September 28, 2011, [he] w[as] not rehired by the Agency as an annuitant." (Notice of Acceptance, at SSA018). The letter further advised Plaintiff that: "In accordance with 29 C.F.R. § 1614.106(d), you may amend your complaint at any time prior to the conclusion of the

8

investigation to include claims that are like or related to the accepted claim." (Notice of Accepted Claim, at SSA019). The Agency informed Plaintiff on the procedure for amending his complaint, stating: "If you would like to amend your complaint, send a written statement [to the Social Security Administration, Office of Rights and Equal Opportunity, Center for Complaints Processing] that includes the specific incident(s) deemed discriminatory, date(s) of occurrence, responsible management official(s)/individual(s), and alleged basis or bases of discrimination." (Id.).

Plaintiff has not presented any evidence that he mailed a written statement to the SSA seeking to amend his complaint during the EEOC's investigation, which occurred from March 17, 2012 through May 2, 2012. (See Moving Br., Ex. 2 at SSA03-13 ("Report of Investigation") at SSA03). Plaintiff instead directs the Court to his Affidavit, dated April 29, 2012, in which he stated that he had "requested advance sick leave from Ms. McMillan but was denied forcing [him] to retire" and that he "was not afforded advanced sick leave as afforded to others in the office." (Opp. Br. at 7, Ex. C ("Affidavit")). However, in that same Affidavit, Plaintiff responded "Yes" to the following question:

> Q3: At issue is the following: Whether the Agency subjected you to disparate treatment on the basis of physical disability (diabetes, high blood pressure, and complications due to a stroke), when on September 28, 2011, you were not rehired by the Agency as an annuitant. **Is this correct?**

(Id.) (emphasis added).

Plaintiff also directs this Court to his "Rebuttal Affidavit" executed on April 30, 2012, in which he suggests that Ms. McMillan wrongfully denied his request for advanced sick leave, forcing him to retire. (Opp. Br. at 7, Ex. D ("Rebuttal Affidavit")). Plaintiff states that his "interrogatories in the administrative proceedings further indicate his belief that he was wrongfully forced to retire because he was not afforded advanced leave." (Opp. Br. at 7, Ex. E

9

("Interrogatories")). This Court has reviewed answers to the Interrogatories, and notes that they do indicate Plaintiff's belief that he was forced into retirement because he was denied advanced sick leave. (See id.). Notably, in response to the interrogatory as to why he sought EEO Counseling, Plaintiff stated that his oral requests for a wheelchair were not responded to and that "[e]mployees who are incapacitated for duty because of serious illness or disability may be given advanced [sic] sick leave for up to 30 days." (Id.).

On June 15, 2012, the EEOC's final Investigative Report was filed, which lists the sole issue as "[w]hether the Agency subjected Complainant to disparate treatment on the basis of physical disability . . ., when on September 28, 2011, he was not rehired by the Agency as an annuitant." (Report of Investigation, at SSA047). The Report further identifies the "Description of Complaint," as the "[d]enial of rehire as annuitant," and indicates the "[d]ates of alleged discrimination" as September 28, 2011 through November 3, 2011. (Report at SSA09). Accordingly, it is clear from the Investigative Report that the EEOC did not consider Plaintiffs' statements that he was forced to retire and denied reasonable accommodations to be an attempt to expand his claims against Defendants and that the EEOC did not otherwise investigate those allegations.

### III. Administrative Decision Phase

Upon receiving the Investigative Report, Plaintiff sought a hearing on his claims before an Administrative Judge ("AJ"). (See Mov. Br., Ex. 3 at 1-5 ("AJ Opinion")). Prior to the AJ's ruling, Plaintiff had a third opportunity to formally amend his EEOC compliant to include the claims at issue by filing a motion with the AJ. 29 C.F.R. § 1614.106(d) ("After requesting a hearing, a complainant may file a motion with the administrative judge to amend a complaint to include issues or claims like or related to those raised in the complaint."). Plaintiff failed to file

the motion required to amend his EEOC complaint. (*See* AJ Opinion). Instead, by way of letter dated May 28, 2013, Plaintiff sought permission from the Social Security Administration's Office of the General Counsel, rather than the AJ, to "amend the complaint to include the issue of Forced Retirement." (Opp. Br. at 7, Ex. F). Thus, neither the failure to accommodate or forced retirement claims were brought before the AJ. On June 19, 2013, without holding a hearing, the AJ determined *sua sponte* that the matter was appropriate for summary judgment, and issued an Order Entering Judgment and Decision in favor of Defendants on Plaintiff's allegation of wrongful failure to rehire him as an annuitant.

On July 2, 2013, the Social Security Administration issued its Final Order, in which it described the claim solely as Defendants' failure to rehire Plaintiff as an annuitant. (Mov. Br., Ex. 4 ("Final Order")). The SSA found the "AJ's decision factually and legally correct," and therefore fully implemented that decision. (Final Order).

On July 30, 2013, acting for the first time through counsel, Plaintiff appealed the July 2, 2013 Final Order "on the basis that the investigation failed to consider the issue of forced retirement and failure to accommodate." (Opp. Br. at 7, Ex. F ("Appeal Letter")). On January 22, 2015, the EEOC's Office of Federal Operations ("OFO") entered an order affirming the July 2, 2013 Final Order. (Mov. Br., Ex. 6 ("Appellate Decision")). In that Order, the OFO only considered Plaintiff's claim of failure to rehire as an annuitant and did not consider Plaintiff's allegations of forced retirement or the alleged failure to make reasonable accommodations. (Appellate Decision).

While Plaintiff is correct in noting that Courts have found a plaintiff exhausted administrative remedies even without following the formal amendment procedures, the cases in which Courts have excused these formal requirements are unlike the case at bar. (Opp. Br. at 7-

11

11). In *Albano v. Schering-Plough Corp.*, the Ninth Circuit held that "the requirement that the specific claim be presented in the EEOC charge does not preclude establishing a claim in federal court when the failure to amend the charge to reflect a new claim is due to the fault of the EEOC." 812 F.2d 384, 386 (9th Cir. 1990). There, the plaintiff filed a charge with the EEOC alleging age discrimination for failure to promote. *Id.* at 386. Thereafter, Plaintiff had "no less than fourteen conversations with the EEOC," during at least three of which he informed the EEOC Officer of his belief that he was constructively terminated. *Id.* Plaintiff specifically sought to amend his EEOC complaint to add a charge of constructive discharge, but the EEOC denied the plaintiff's request to amend, assuring plaintiff that his claim of constructive termination was encompassed in the original claim. *Id.* Thus, the Ninth Circuit held that "equitable considerations may excuse a claimant's noncompliance with the scope requirement, and resulting failure to exhaust administrative remedies, when the EEOC improperly refuses to amend the claimant's timely EEOC charge."

Likewise, in *Steffen v. Meridian Life Insurance Co.*, the Court held that plaintiff's failure to comply with the EEOC's formal requirements was excused where the EEOC expressly told the plaintiff that "he could file an informal complaint by filling out an Intake Questionnaire, which would protect his right to bring an ADEA action." 859 F.2d 534, 537 (7th Cir. 1988). Finally, in *Raffaele v. Potter*, the Court found that a plaintiff had exhausted the administrative remedies as to his claim of sex discrimination not identified in the original EEOC complaint by making an oral request to the administrative judge to amend his complaint to include the allegations of sex discrimination. No. 09-3622, 2010 WL 816847, at *6 (E.D. Pa. Mar. 4, 2010).

Unlike the plaintiffs in the aforementioned cases, Plaintiff here did not make any specific request to amend his complaint to include claims of failure to accommodate or forced retirement.

While Plaintiff did make references to being forced into retirement and to the denial of reasonable accommodations during the investigation, the EEOC did not construe these references as an attempt to amend the complaint, nor does it appear to this Court that the EEOC ever represented to Plaintiff that his claims of forced retirement and failure to accommodate were incorporated in his original complaint. Indeed, the only formal attempt Plaintiff made to amend his complaint was directed to the Social Security Administration's Office of the General Counsel rather than to the Administrative Judge presiding over Plaintiff's claim.

It is worth repeating the purposes of administrative exhaustion: "to promote administrative efficiency, 'respect[ ] executive autonomy by allowing an agency the opportunity to correct its own errors,' provide courts with the benefit of an agency's expertise, and serve judicial economy by having the administrative agency compile the factual record." *Robinson*, 107 F.3d at 1020 (quoting *Heyward v. Cruzan Motors*, 792 F.3d 367, 370 (3d Cir. 1986)). Given Plaintiff's failure to provide the EEOC or Administrative Judge with any express request to amend his claims, whether that request be made orally or in writing, it would be imprudent for this Court to hear Plaintiff's claims in light of the well-founded purposes of administrative exhaustion. Accordingly, Plaintiff's complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss. An appropriate Order accompanies this Opinion.

DATED: November 23 2015

JOSE L. LINARES

13

UNITED STATES DISTRICT JUDGE